UNITED STATES DISTRICT COURT
SOUTHREN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELVIN OMEDA, individually and on
Behalf of other similary situated

                                                          ANSWER
                 Plaintiff,                        Case No. 1 : 22-cv-04603-jmf

                     Vs

JANNAH INC., 260 BROOK AVE Inc.,
SALMAN ASHRAF, AND UZMA ARAIN

     Defendant.

------------------------------------------------------------------X

DEFENDANTS' ANSWER TO THE PLANTIFF'S COMPLAINT

Defendants, Jannah Inc, 260 brook Ave Inc, Salman Ashraf individually; Uzma Arain individually, (hereinafter "Defendents"), hereby respond to allegations in Plaintifs Complaint ('Complaint') as follow

1. Defendants admit, the allegations setforth in paragraph 1 of the complaints.
2. Defendant admits the allegations setforth in paragraph 2 except that Jannah Inc is no longer in business
3. Defendants admit they operated; owned cellphone store located at 260 Brook Ave Bronx NY 10454 is closed for Business.

4. Defendants admit, the allegations setforth in paragraph 4 of the complaint except he was not employed as sales associate.
5. Defendants deny the allegation set forth in paragraph 5 of the complaint.
6. Defendants deny the allegation set forth in paragraph 6 of the complaint.
7. Defendants deny the allegation set forth in paragraph 7 of the complaint.
8. Defendants deny the allegation set forth in paragraph 8 of the complaint.
9. Defendants acknowledges that plaintiff Omeda brings this action setforth in paragraph 9 of the complaint.
10. Defendants deny the allegations setforth in paragraph 10 of the complaint.

11. Defendants acknowledges Jurisdiction as setforth in paragraph 11 of the complaint.

12. Defendants acknowledges the venue of the action.

13. Defendants have no information about living place of Mr Omeda as set forth in paragraph 13.

14. Defendants was employed at cell Phone store located at 260 Brook Ave Bronx NY 10454 except the duration of employment.

15. Defendants acknowledges that plaintiff Omeda brings this action setforth in paragraph 15 of the complaint.

16. Defendants owned, operated or controlled cell phone store located at 260 Book Ave Bronx NY 10454.
17. Defendants admit that Jannah Inc was cell phone store located at 260 Book Ave which was closed for business.
18. Defendants admit that 260 Brook Ave Inc. was cell phone store located at 260 Book Ave which was closed for business.
19. Defendants neither admit nor deny the allegation set forth in paragraph 19 of the complaint.
20. Defendants neither admit nor deny the allegation set forth in paragraph 19 of the complaint.

21. Defendants deny the allegation set forth in paragraph 20 of the complaint.
22. Defendants deny the allegation set forth in paragraph 22 of the complaint.
23. Defendants deny the allegation set forth in paragraph 23 of the complaint.
24. Defendants deny the allegation set forth in paragraph 24 of the complaint.
25. Defendants deny the allegation set forth in paragraph 25 of the complaint.
26. Defendants deny the allegation set forth in paragraph 26 of the complaint.
27. Defendants deny all the allegation set forth in paragraph 27 of the complaint.
28. Defendants deny the allegation set forth in paragraph 28 except Omeda was employee at cell phone store at 260 Brook Ave Bronc NY 10454 of the complaint.
29. Defendants deny the allegation set forth in paragraph 29 of the complaint.
30. Defendants deny the allegation set forth in paragraph 30 of the complaint.
31. Defendants admit, the allegations setforth in paragraph 31 of the complaint except he was not employed as sales associate.
32. Defendants deny the allegation set forth in paragraph 32 of the complaint.
33. Defendants admit the allegations setforth in paragraph 33 except the duration of employment.
34. Defendants deny the allegation set forth in paragraph 34 of the complaint.
35. Defendants deny the allegation set forth in paragraph 35 of the complaint.
36. Defendants deny the allegation set forth in paragraph 36 of the complaint.
37. Defendants deny the allegation set forth in paragraph 37 of the complaint.
38. Defendants deny the allegation set forth in paragraph 38 of the complaint.
39. Defendants deny the allegation set forth in paragraph 39 of the complaint.
40. Defendants deny the allegation set forth in paragraph 40 of the complain
41. Defendants deny the allegation set forth in paragraph 41 of the complaint.
42. Defendants deny the allegation set forth in paragraph 42 of the complaint.
43. Defendants deny the allegation set forth in paragraph 43 of the complaint.
44. Defendants deny the allegation set forth in paragraph 44 of the complaint.
45. Defendants deny the allegation set forth in paragraph 45 of the complaint.
46. Defendants deny the allegation set forth in paragraph 46 of the complaint.

47. Defendants deny the allegation set forth in paragraph 47 of the complaint.
48. Defendants deny the allegation set forth in paragraph 48 of the complaint.
49. Defendants deny the allegation set forth in paragraph 49 of the complaint.
50. Defendants deny the allegation set forth in paragraph 50 of the complaint.
51. Defendants deny the allegation set forth in paragraph 51 of the complaint.
52. Defendants deny the allegation set forth in paragraph 52 of the complaint.
53. Defendants deny the allegation set forth in paragraph 53 of the complaint.
54. Defendants deny the allegation set forth in paragraph 54 of the complaint.
55. Defendants deny the allegation set forth in paragraph 55 of the complaint.
56. Defendants deny the allegation set forth in paragraph 56 of the complaint.
57. Defendants deny the allegation set forth in paragraph 57 of the complaint.
58. Defendants deny the allegation set forth in paragraph 58 of the complaint.
59. Defendants deny the allegation set forth in paragraph 59 of the complaint.
60. Defendants deny the allegation set forth in paragraph 60 of the complaint.
61. Defendants deny the allegation set forth in paragraph 61 of the complaint.
62. Defendants deny the allegation set forth in paragraph 62 of the complaint.
63. Defendants deny the allegation set forth in paragraph 63 of the complaint.
64. Defendants deny the allegation set forth in paragraph 64 of the complaint.

As to "First Claim for Relief"
Violation of Minimum wage provisions of the FLSA

65. Defendants repeat and reallege every response in paragraph 1-64 with same force and effect as if fully set forth herein.
66. Defendants neither deny nor admit the allegation set forth in paragraph 66 of the complaint.
67. Defendants deny the allegation set forth in paragraph 67 of the complaint

68. Defendants operated cellphone store at 260 Brook Ave Bronx NY 10454.
69. Defendants deny the allegation set forth in paragraph 69 of the complaint
70. Defendants deny the allegation set forth in paragraph 70 of the complaint.
71. Defendants deny the allegation set forth in paragraph 71 of the complaint

As to "Second Claim For Relief"
Violation of the overtime provisions of the FLSA

72. Defendants repeat and reallege every response in paragraph 1-71 with same force and effect as if fully set forth herein.
73. Defendants deny the allegation set forth in paragraph 73 of the complaint.
74. Defendants deny the allegation set forth in paragraph 74 of the complaint.
75. Defendants deny the allegation set forth in paragraph 75 of the complaint.

### As to "Third Claim for Relief"
### Violation of the New York Minimum wage act

76. Defendants repeat and reallege every response in paragraph 1-75 with same force and effect as if fully set forth herein.
77. Defendants deny the allegation set forth in paragraph 77 of the complaint except Plaintiff was a former employee at cell phone store at 260 Brook Ave Bronc NY 10454.
78. Defendants deny the allegation set forth in paragraph 78 of the complaint.
79. Defendants deny the allegation set forth in paragraph 79 of the complaint.
80. Defendants deny the allegation set forth in paragraph 80 of the complaint

### As to "Fourth Claim for Relief"
### Violation of the Overtime Provisions of the New York Labor law

81. Defendants repeat and reallege every response in paragraph 1-80 with same force and effect as if fully set forth herein.
82. Defendants deny the allegation set forth in paragraph 82 of the complaint.
83. Defendants deny the allegation set forth in paragraph 83 of the complaint.
84. Defendants deny the allegation set forth in paragraph 84 of the complaint.
85. Defendants deny the allegation set forth in paragraph 85 of the complaint.

### As to " Fifth Claim For Relief"
### Violation of the Notice of and record keeping requirements of the New York Labor Law

86. Defendants repeat and reallege every response in paragraph 1-86 with same force and effect as if fully set forth herein.
87. Defendants deny the allegation set forth in paragraph 87 of the complaint.

### As to "Sixth Claim for Relief"
### Violation of the wage statement provisions of the New York labor law

88. Defendants repeat and reallege every response in paragraph 1-87 with same force and effect as if fully set forth herein.
89. Defendants deny the allegation set forth in paragraph 89 of the complaint.
90. Defendants deny the allegation set forth in paragraph 90 of the complaint.

### As to " Prayer for relief" Clause

Defendant deny all statements and allegations set forth in "WHEREFORE" clause and subparagraph (A) through (R) and further deny plaintiff is entitled to any of the relief demanded therein.

### As to "Jury Demand"

Defendants admit that plaintiff demands a jury trial.

### Additional Averments

Defendant deny all claims and allegations not unequivocally admitted herein

Respectfully Submitted

Salman Ashraf
115 Daisy Farm Dr New Rochelle NY 10804

_____

Uzma Arain
115 Daisy Farm Dr New Rochelle NY 10804

_____