# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510                                          Telephone: (212) 317-1200
New York, New York 10165                                            Facsimile: (212) 317-1620
_____

December 9, 2022

**VIA ECF**
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  Omeda, et al v. Jannah, Inc., et al
          1:22-cv-04603-JMF

Dear Judge Furman:

This office represents the Plaintiff in the above referenced matter. Plaintiff writes, jointly with Defendants as to Section I below, to submit this letter setting forth our views on why the Court should approve the agreed-upon settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The parties have agreed to a negotiated settlement agreement ("the Agreement") after extensive settlement discussions.  A Countersigned copy of the Agreement is attached hereto as <u>Exhibit</u> A.

Plaintiff alleges that he was employed by Defendants. Plaintiff brought this suit alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the New York Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"). Plaintiff alleges that Defendants engaged in numerous violations of the FLSA and NYLL, including failure to pay appropriate minimum and overtime wages and failure to provide statutorily-required wage statements and wage notices. Defendants have denied these allegations and assert several affirmative defenses.

## I.       The Proposed Settlement is Fair and Reasonable

Under the Agreement, Defendants will pay Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00) to settle all claims. This settlement amount will be paid in one (1) installment. The installment will be paid within 30 days of the Court's approval of the Agreement and the dismissal of the Action with prejudice.  The installment shall consist of two (2) checks, made payable to "CSM Legal, P.C." in the amount of $825.00 and to "Elvin Omeda" in the amount of $1,675.00.

Plaintiff alleges that he is entitled to back wages from Defendants in the amount of approximately One Hundred Seventy-Six Thousand One Hundred Ninety-Eight Dollars and Seventy-Five Cents ($176,198.75). Plaintiff estimates that if he had recovered in full for his claims, exclusive of attorney's fees, he would be entitled to approximately Four Hundred Ninety-Seven Thousand Nine Hundred Twenty-Nine Dollars and Seventy-Nine Cents ($497,929.79). A copy of

*Certified as a minority-owned business in the State of New York*

December 9, 2022
Page 2

Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached hereto as <u>Exhibit</u> B.

      The Plaintiff agreed to the current settlement amount because he wished to be somewhat compensated in for what he believed he is owed and he does not wish to drag out the litigation process any further, benefitting all parties.

      Plaintiff alleges that the Defendants engaged in a variety of FLSA and NYLL violations, including failure to pay appropriate minimum wage and overtime, as well as notice and recordkeeping violations.  In determining Plaintiff's damages, Plaintiff conveyed what he believed his hours and wages were when he was employed by Defendants.  Plaintiff's counsel then created the damages chart to reflect the information conveyed by Plaintiff, but the initial calculated damages changed throughout the litigation when new facts were brought to light.  The first calculation is an estimate as to what is owed under Plaintiff's back wages claim.  Plaintiff's calculation of damages included unpaid wages and overtime, liquidated damages on unpaid wages and overtime, unpaid spread of hours pay, annual wage notice violations, weekly wage statement violations, prejudgment interest on unpaid wages and overtime, and prejudgment interest on spread of hours pay.  Each of these calculations results in the "full recovery amount".

      Throughout the litigation, there were contested factual disputes that went to the heart of Plaintiff's claims. Specifically, Defendants contested Plaintiff's allegations regarding the number of hours worked and wages paid by presenting documents possibly contradicting Plaintiff's claims. Furthermore, Defendants were able to present a multitude of documents proving that the Defendants are facing financial hardships.  A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at \*2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at \*2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

      As such, Plaintiff believes the settlement is reasonable, both due to the challenges of prevailing on the merits and because of the risk that Plaintiff may not be able to collect a post-trial judgment. "Case law recognizes that potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F Supp 2d 362, 364 (SDNY 2013).

      Considering the risks in this case outlined above, Plaintiff believes that this settlement is fair and should be approved. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at \*2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

December 9, 2022
Page 3

## II.        Plaintiff's Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiff's counsel will receive Eight Hundred Twenty-Five Dollars and Zero Cents ($825.00) from the settlement fund as attorneys' fees and costs. This represents remuneration of the filing fee incurred in filing of the Complaint, service of process, and due diligence performed on the Defendants, plus one third of the remainder of the recovery in this litigation.  The lodestar amount, as reflected on the invoice attached hereto as Exhibit C, is $3,392.50, including $750.00 in costs.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.  *See Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.,* 264 F.R.D. at 60; *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of individuals who performed billed work on behalf of Plaintiff in this matter, including the effective billable rate which the parties' request that the Court apply should the Court undertake a "lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007):

i.        I, Jarret Bodo ("JTB"), graduated with a J.D. from the Maurice A. Deane School of Law at Hofstra University in 2020 and was admitted to the New York State Bar in 2021. Prior to joining CSM Legal, P.C., I worked on personal injury and mass torts cases at Meirowitz & Wasserberg, LLP. My work is billed at a rate of $350 per hour.

ii.        Catalina Sojo ("CS"), is the Managing Member of CSM Legal, P.C., formerly Michael Faillace & Associates. She graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

December 9, 2022
Page 4

/s/ Jarret T. Bodo
Jarret T. Bodo, Esq
CSM Legal, P.C.
*Attorneys for the Plaintiff*